# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re:   CRYSTAL L. STAMOS,<br>           Debtor. | Case No. 23-33828-KRH<br>Chapter 13 |
| CRYSTAL L. STAMOS,<br><br>           Movant,<br><br>v.<br><br>ALLEN SCOTT EGER,<br><br>           Respondent. | Contested Matter |

## **SCHEDULING ORDER**

This matter comes before the Court upon the *Motion for Sanctions and Civil Contempt* (the "Motion") [ECF No. 20] filed by Crystal L. Stamos (the "Debtor"). On April 10, 2024, counsel for the Debtor and Allen Eger (the "Creditor"), pro se, appeared at a preliminary hearing on the Motion.

**IT IS ORDERED** that the following schedule is established in this contested matter. Failure to comply with this Order shall result in appropriate sanctions.

1.   The final evidentiary hearing on the Motion shall be held **in-person** on **May 22, 2024** (the "Hearing"), at **1:00 p.m.** at **Judge Huennekens' Courtroom, 701 E. Broad St., Courtroom 5000, Richmond, Virginia**. The Hearing may be continued only in exceptional circumstances on motion for leave of Court.

2.   On or before May 15, 2024, the parties shall meet at a mutually convenient location and make a good faith effort to narrow the issues for the Hearing and to enter into written stipulations of any uncontroverted facts (the "Stipulation"). The Stipulation (or in lieu thereof, a

joint statement of the parties that no agreement as to any uncontroverted facts could be reached) shall be filed with the Court on or before May 17, 2024.

      3.      Discovery shall be completed on or before May 15, 2024.

      4.      Rules 33(b)(2), 34(b)(2)(A), and 36(a)(3) of the Federal Rules of Civil Procedure, as made applicable by Rules 9014, 7033, 7034, and 7036 of the Federal Rules of Bankruptcy Procedure respectively, are hereby modified to shorten the time for responding to fourteen (14) days.

      5.      On or before May 17, 2024, the parties shall file with the Clerk a list of proposed exhibits and the proposed exhibits.  The exhibits shall be filed in accordance with the attached instructions which are hereby incorporated and made a part of this Order..

      6.      The parties shall file a list of witnesses in accordance with Rule 7026(a)(3)(A) of the Federal Rules of Bankruptcy Procedure that the party intends to call to testify at the Hearing on or before May 17, 2024.

      7.      It is the responsibility of all counsel and pro se litigants to be thoroughly acquainted with and follow the procedures set forth in the statutes, the national and local bankruptcy rules, and the requirements of the judge.

Dated:   April 11, 2024                        /s/   Kevin R. Huennekens
                                                           UNITED STATES BANKRUPTCY JUDGE

                                             Entered on Docket: Apr 12 2024

**Copies to:**

**Crystal L. Stamos**
12811 Captain Drive
Chester, VA 23836

**Jason Meyer Krumbein**
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230

**Pia J. North**
North Law
5913 Harbour Park Drive
Midlothian, VA 23112

**Allen Scott Eger**
20404 Hickory Circle
South Chesterfield, VA 23803

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**INSTRUCTIONS FOR EXHIBITS**

The parties must file all documentary evidence in the form of exhibits electronically on CM/ECF. A party should contact the Courtroom Deputy for instructions on how to provide any documentary evidence that is not in a suitable format to be filed electronically as an exhibit on CM/ECF.

Depending on the number and length of exhibits, the Court may request courtesy physical copies in addition to the electronically filed copies.

    **A.**    **Exhibit Lists:** The Exhibits List must be typewritten, double-spaced, and should briefly describe each Exhibit to be introduced at trial.

    **B.**    **Exhibits:**

        1.    Exhibits must be numbered to correspond with the numbers assigned on the Exhibits List to such Exhibit. Each Exhibit should be labeled sequentially, numerically or alphabetically, on a colored adhesive label, in accordance with the following:

| | |
|---|---|
| PLAINTIFF | YELLOW - numerically beginning No. 1 |
| DEFENDANT | BLUE - alphabetically, e.g., A, B, C, . .  AA, AB, etc. |
| GOVERNMENT | YELLOW - numerically beginning No. 101 |

In cases involving multiple patties, the applicable party offering an exhibit must identify itself on each of its Exhibit labels. In cases involving a group of photographs or checks, a separate label must be affixed to each photograph or check, and number as follows:

| | |
|---|---|
| PLAINTIFF- | 1-A, 1-B, 1-C, etc. |
| DEFENDANT- | A-1, A-2, A-3, etc. |
| GOVERNMENT- | 101-A, 101-B, 101-C, etc |

Unless such position would affect the readability of the Exhibit, the adhesive labels should be affixed at the bottom of the Exhibit.

        2.    Should a party seek to examine a witness at an evidentiary hearing concerning documentary evidence that has been filed electronically as an exhibit on CM/ECF, the party must provide a copy of the applicable Exhibit to the witness. To do so, the party may either (1) provide the Court with a firmly bound and tabbed physical copy of the Exhibit(s) no later than one (1) business day prior to the evidentiary hearing; or (2) utilize Courtroom technology to display the Exhibit(s). For the latter, the party is

expected to have conducted all necessary testing and to be prepared to proceed at the time scheduled for the evidentiary hearing. The Court's IT department may be contacted for assistance and training in advance of the evidentiary hearing. In the absence of exigent circumstances, any such request must be made no later than seven (7) days prior to the evidentiary hearing. Technical problems stemming from the failure to make appropriate arrangements prior to the evidentiary hearing for the utilization of the Court's Courtroom technology in order to display the Exhibit(s) may result in, inter alia, (i) cancellation of the evidentiary hearing; and (ii) the exclusion of evidence.